**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| DERRICK ALLEN, | ) ) ) | |
| Plaintiff, | ) ) | No. 22-1789 |
| v. | ) ) | Filed: January 6, 2023 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On December 5, 2022, Plaintiff Derrick Allen, proceeding *pro se*, filed a Complaint alleging that the United States District Court for the Middle District of North Carolina improperly dismissed his cases pending before that court. *See* ECF No. 1. He seeks to be compensated for the dismissals in the amount of $1,500,000.00. *Id.* On the same day he filed his Complaint, Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP Application"). *See* ECF No. 2. Plaintiff failed, however, to completely answer all questions on his IFP Application. Specifically, he did not respond at all to part (b) of question 2, which addresses his last date of employment. He indicated for question 3 that he has received money in the past 12 months but did not describe the source of money, amount received during that period, and the amount he expects to receive in the future. Nor did he identify the amounts of his monthly expenses (question 6) or debts and financial obligations (question 8). *See id.* at 2. Because of these deficiencies, the Court concluded it was unable to adequately evaluate Plaintiff's request. Accordingly, on December 9, 2022, the Court explained these deficiencies to Plaintiff and ordered him to either

file a completed IFP Application or pay the Court's $402 filing fee by December 30, 2022. *See* ECF No. 6.

On December 19, 2022, Plaintiff filed a second IFP Application. *See* ECF No. 8. The second application, however, suffers largely from the same deficiencies as the first. When asked in question 2 to describe his former employment and salary, Plaintiff responded that he did not remember. When asked in question 3 if Plaintiff received any money from business, profession, or self-employment, Plaintiff checked both "Yes" and "No" and failed to specify the source or amount of his income, instead stating he received income from various employers in an amount he did not recall. He also left blank any explanation of how he is currently paying his expenses. Plaintiff again failed to describe the amount of his debts or financial obligations in response to question 8. And although Plaintiff listed school loans, child support, and a phone bill as monthly expenses in his first IFP Application, he now claims he has no regular monthly expenses. *See id.* at 2.

"Courts have discretion under 28 U.S.C. § 1915 to grant *in forma pauperis* status to litigants." *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)). This statutory provision "permits, but does not require, a court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'"[1] *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quoting 28 U.S.C. § 1915(a)(1)); *see Bryant v. United States*, 618 F. App'x 683,

---

[1] The language of § 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Despite the reference to "prisoner" in § 1915(a)(1), a "number of courts . . . have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court." *Brestle v. United States*, 139 Fed. Cl. 95, 102 n.6 (2018) (collecting cases).

685 (Fed. Cir. 2015) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)) ("Proceeding *in forma pauperis* . . . is a privilege, not a right."). "[T]he threshold for a motion to proceed *in forma pauperis* is not high." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). A plaintiff, however, must support his request with an affidavit providing sufficient information, including a statement of all assets, showing his eligibility for *in forma pauperis* status. 28 U.S.C. § 1915(a)(1); *see Payne v. United States*, No. 22-898, 2022 WL 3586496, at *2 (Fed. Cl. Aug. 22, 2022) ("Plaintiff must make an affirmative showing of his entitlement to proceed IFP."). It is left to the discretion of the presiding judge to determine, based on the financial information submitted, whether the plaintiff is "unable to pay such fees." *See Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018).

Despite the Court's clear description of the deficiencies in Plaintiff's first IFP Application, Plaintiff filed another incomplete IFP Application, which the Court cannot adequately evaluate. The Court is not confident that allowing Plaintiff another opportunity to provide information supporting his request will be productive. Moreover, regardless of whether Plaintiff has demonstrated his inability to pay the filing fee, his second IFP Application should be denied for an independent reason.

Courts have an obligation to deny *in forma pauperis* status to vexatious litigators, *see, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994), and, in particular, "have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings," *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases); *see also, e.g.*, *Allen v. Birkhead*, No. 1:21CV551, 2022 WL 16949733, at *5 (M.D.N.C. Nov. 15, 2022) (denying Plaintiff *in forma pauperis* status because of his history of vexatious litigation); *Maxberry v. United States*, No. 21-2234, 2021 WL 7186330, at *1 (Fed.

Cir. Nov. 17, 2021), *cert. denied*, 142 S. Ct. 1214 (Mem) (2022); *Aljindi v. United States*, No. 21-1578, 2021 WL 5177430, at *4 (Fed. Cl. Aug. 30, 2021).

Since 2019, Plaintiff has filed numerous actions in the United States District Court for the Middle District of North Carolina, most of which were dismissed as frivolous. *See, e.g., Allen v. Better Dental*, No. 22-1281, 2022 WL 2987954, at *1 (4th Cir. July 28, 2022) (affirming dismissal for frivolous filing); *Allen v. Bennett*, No. 21-2129, 2022 WL 523079, at *1 (4th Cir. Feb. 22, 2022) (same); *Allen v. Manpower, Inc.*, No. 21-2109, 2022 WL 523080, at *1 (4th Cir. Feb. 22, 2022) (same); *Allen v. Durham Cnty. Health Dept.*, No. 21-1984, 2021 WL 5985543 (4th Cir. Dec. 17, 2021) (same); *Allen v. Correct Care Sol.(s)*, 853 F. App'x 858, 858–59 (4th Cir. 2021) (affirming dismissal under § 1915A(b)(1) for failure to state a claim); *Allen v. N.C. Admin. Hearings*, 805 F. App'x 246, 247 (4th Cir. 2020); *Allen v. Mine*, 801 F. App'x 181, 181–82 (4th Cir. 2020), *cert. denied* 141 S. Ct. 282 (2020) (affirming dismissal under § 1915(e)(2)(B) for failure to state a claim and, alternatively, as frivolous).

Since 2020, Plaintiff has filed several additional actions in the United States Court of Federal Claims, all of which have also been dismissed. *Allen v. United States*, 153 Fed. Cl. 386, 392 (2021) (dismissing case for failure to state claim and lack of subject matter jurisdiction); *Allen v. United States*, 855 F. App'x 769 (Fed. Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction); *Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022) (same); *Allen v. United States*, 2021-1631, 2022 WL 180760, at *2 (Fed. Cir. Jan. 20, 2022) (same); Stipulation of Dismissal, *Allen v. United States*, No. 22-378 (Fed. Cl. May 13, 2022), ECF No. 14 (voluntarily dismissed with prejudice). Indeed, another judge of the court recently dismissed an action filed by Plaintiff and, as a sanction for his "frivolous litigiousness," entered

an anti-filing injunction against him. *Allen v. United States*, No. 22-1793C, 2022 WL 18109953, at \*2 (Fed. Cl. Dec. 13, 2022).

Plaintiff's Complaint in this case suffers from the same problems as many of his previously dismissed complaints. His allegations that the District Court has improperly dismissed his complaints are vague and conclusory. And Plaintiff fails to cite to any money-mandating statute or qualifying provision of law that that would invoke this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1491; *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc) (a plaintiff must identify a substantive right in a separate source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States," to invoke the court's jurisdiction).

Given these defects and the apparent continuation of his history of filing frivolous lawsuits in the federal courts, the Court finds that Plaintiff is not entitled to *in forma pauperis* status. Therefore, Plaintiff's IFP Application (ECF No. 8) is **DENIED**. On or before January 27, 2023, Plaintiff is **ORDERED** to pay the $402 filing fee. If Plaintiff fails to comply with this order, the Court will dismiss his case for failure to prosecute under RCFC 41(b).

**SO ORDERED**.

Dated: January 6, 2023                               */s/ Kathryn C. Davis*
                                                                     KATHRYN C. DAVIS
                                                                     Judge